IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
        v.                    )    Criminal No. 05-39
                              )
GEORGE S. FRENA               )

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Dennis P. Kissane, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Attempted theft of trade secrets, on or about July 6, 2001 | 18 USC § 1832(a)(4) |

### II. ELEMENTS OF THE OFFENSE

**A. As to Count 1:**

In order for the crime of attempted theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(4), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant had the intent to convert a trade secret, as defined in Title 18, United States Code, Section 1839(3).

18 U.S.C. § 1839(3); see also, Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 476 (1974); United States v. Hsu, 155 F.3d 189, 195 (3rd Cir. 1998); Rivendell Forest Prods. Ltd. v. Georgia-Pacific Corp., 28 F.3d 1042, 1046 (10th Cir. 1994); Pioneer Hi-Bred Int'l v. Holden Found Seeds, 35 F.3d 1226, 1235 (8th Cir. 1994); Gates Rubber Co. v. Bando Chem Indus., Ltd., 9 F.3d 832, 848-49 (10th Cir. 1993); Mail Sys. Corp. v. Peak Computer, 991 F.2d 511, 521 (9th Cir. 1993); 1 Roger Milgrim, Migrim on Trade Secrets, § 1.04 at I-126. 142 Cong. Rec. S12201, S122212-13 (daily ed. Oct. 2, 1996).

2. That the trade secret was related to or included in a product that was produced for or placed in interstate or foreign commerce. (18 U.S.C. § 1832(a)).

3. That the defendant knowingly attempted to steal, or without authorization, attempted to appropriate, take, carry away or conceal, or by fraud, artifice, or deception attempted to obtain such trade secret. (18 U.S.C. §§ 1832(a)(1) and (a)(4)).

4. That the defendant acted to the benefit of a person other than the owner of the trade secret. (18 U.S.C. § 1832(a)).

5. That the defendant intended or knew that the offense would injure any owner of the trade secret. (18 U.S.C. § 1832(a)).

The term "trade secret" is defined as follows:

"All forms and types of financial, business, scientific, technical, economic or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if -

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public. Title 18, United States Code, Section 1839(3).

6. In order to prove the charge of attempting to commit a crime it is necessary that the evidence establish beyond a reasonable doubt;

(1) that the defendant intended to commit the crime charged, and

(2) that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime. Modern Federal Jury Instructions, Sand, Siffert, Loughlin and Reiss, Volume 1 § 10.02.

3

### III. PENALTIES

A. As to Count 1: Attempted theft of trade secrets (18 U.S.C. § 1832(a)(4)):

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment for not more than 10 years (18 U.S.C. §1832(a));

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. §3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. §3571(d));

(c) a term of supervised release of not more than three (3) years. (18 U.S.C. §3583);

(d) Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. § 3013.

4

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

DENNIS P. KISSANE
Assistant U.S. Attorney
PA ID No. 18606