# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
                        )
        vs.           )    Criminal No. 05-39
                        )
GEORGE S. FRENA        )

## WAIVER AND PLEA HEARING

### Before Judge David Stewart Cercone

Dennis P. Kissane AUSA          Michael J. Novara, AFPD

          Appear for Plaintiff                Appear for Defendant

Hearing begun: 2/14/05 @ _1:30 PM_     Hearing adjourned to: ___N/A___

Hearing concluded C.A.V.:2/14/05 @ _____ Stenographer: _Virginia Pease_
                                    James Catanzarite/Nancy Trapani

**WITNESSES:**

      For Plaintiff                   For Defendant

Deft found competent. Deft waives indictment. Court directs $10,000 unsecured appearance bond for deft. Plea agreement identified as govt Exhibit #1 & admitted. Deft enters plea of Guilty. Presentence report is ordered. Sentence set for 5/9/05 @ 10:00AM



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

633 United States Post Office & Courthouse
Pittsburgh, Pennsylvania 15219                    412/644-3500

January 20, 2005

Michael J. Novara, Esquire
Federal Public Defender's Office
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania  15222-3716

RE: **United States of America**
**v. George S. Frena**

Dear Mr. Novara:

This letter sets forth the agreement by which your client, George S. Frena, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between George S. Frena and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, George S. Frena will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §981, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court.

A.   The defendant, George S. Frena, agrees to the following:

1.   He will waive Indictment and enter a plea of guilty to a one count Information, in which he is charged with violating Title 18, United States Code, Section 1832(a)(4) (Attempted Theft of Trade Secrets), pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A draft copy of the Information is attached hereto as "Exhibit A".

LIMITED OFFICIAL
USE



GOVERNMENT
EXHIBIT
1

2. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the court shall direct.

3. At the time George S. Frena enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4. George S. Frena waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, George S. Frena may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines George S. Frena may take a direct appeal from the sentence.

   The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

   George S. Frena further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing court of the full nature and extent of the involvement of George S. Frena in the offense charged in the Information and of any other

matters relevant to the imposition of a fair and just sentence.

2. Prior to sentencing, the United States Attorney will, orally or in writing, recommend that, pursuant to Section 3E1.1 of the Sentencing Guidelines, the court reduce the offense level by three levels for acceptance of responsibility, on the grounds that the offense level prior to application of Section 3E1.1 is 16 or greater, and George S. Frena:

   (a) Timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

3. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.     George S. Frena and the United States Attorney further understand and agree to the following:

1. The maximum penalties that may be imposed upon George S. Frena on count one are:

   (a) A term of imprisonment of ten [10] years;

   (b) A fine of $250,000.00;

   (c) A term of supervised release of three [3] years;

   (d) A special assessment under 18 U.S.C. §3013 of $100.00.

2. The parties stipulate that the loss for calculation of the offense level under the Sentencing Guidelines in this case is $150,000.00.

3. The parties agree that the offense of conviction has a statutory maximum term of imprisonment of 10 years and that, under Guideline Section 2B1.1(a)(2), the base offense level is 6. The parties further agree that the loss to the victim in this case is $150,000.00, and that under Section 2B1.1(b)(1)(F) of the Sentencing Guidelines, the offense level is increased by 10 levels, to level 16.

4.  The parties also agree that the adjusted base offense level of 16 should be lowered by a total of 3 levels under Section 3E1.1 of the Guidelines for acceptance of responsibility.

5.  Thus, the parties agree that George S. Frena's overall offense level under the Sentencing Guidelines is 13.

6.  The parties agree that George S. Frena has 0 criminal history points and a criminal history category of 1.

7.  The parties agree that, with an offense level of 13 and a criminal history category of 1, George S. Frena has a Guideline range of imprisonment of 12 to 18 months under the Sentencing Guidelines.

8.  This agreement does not preclude the government from pursuing any civil or administrative remedies against George S. Frena or his property.

This letter sets forth the full and complete terms and conditions of the agreement between George S. Frena and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Michael J. Novara, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
George S. Frena

_____
Date

Witnessed by:

_____
MICHAEL J. NOVARA, ESQUIRE
Counsel for George S. Frena

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. |
| | ) (18 U.S.C. § 1832(a)(4)) |
| GEORGE S. FRENA | ) |

## INFORMATION

The United States Attorney charges:

On or about July 6, 2001, in the Western District of Pennsylvania and elsewhere, the defendant, GEORGE S. FRENA, with intent to convert a trade secret of Confluence Technologies, Inc. (Confluence) that was related to and included in a product that was produced for and placed in interstate commerce, that is, the proprietary computer software programs included in the Confluence product known as FundStation, Version 4.6, to the economic benefit of anyone other than the owner thereof, to wit, to the economic benefit of a competitor of Confluence, and intending and knowing that the offense would injure Confluence, did knowingly attempt to commit a violation of Title 18, United States Code, Section 1832(a)(2) by sending and causing to be delivered, without authorization, by United States Mail from Pittsburgh, Pennsylvania to New Haven, Connecticut a copy of FundStation, Version 4.6, which was appropriated by the defendant without authority from Confluence.

In violation of Title 18, United States Code, Section 1832(a)(4).

MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

EXHIBIT "A"